UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUBICON US REIT, INC. et al., | ) | Case No. 10-10160 (BLS) |
| | ) | Joint Administration Requested |
| Debtors. | ) | Hearing Date: 1/26/2010 @ 1:30 p.m. |
| | ) | Objection Deadline: 1/26/2010 @ 1:30 p.m. |

**DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE FILING OF (i) A CONSOLIDATED CREDITOR/MAILING MATRIX AND (ii) A CONSOLIDATED LIST OF THE TOP THIRTY (30) UNSECURED CREDITORS, AND (B) EXTENDING THE TIME FOR FILING SCHEDULES AND STATEMENTS**

Rubicon US REIT, Inc. ("Rubicon") and its subsidiaries (each a "Debtor" and collectively, the "Debtors")[1], debtors and debtors-in-possession in the above-captioned cases ("Cases"), hereby move (the "Motion"), pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. L. R. 1007-1 and 1007-2 (the "Local Rules"), for an order authorizing Debtors to file (i) a single, consolidated creditor/mailing matrix and (ii) a single, consolidated list of their top thirty (30) general unsecured creditors in lieu of filing separate lists of each Debtor's top twenty (20) general unsecured creditors. Debtors also seek a thirty (30) day extension of the time to file their respective schedules of assets and liabilities and their statements of financial affairs (the "Schedules and Statements"). In support of this Motion, Debtors state the following:

---

[1] Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, are: Rubicon US REIT, Inc. (3829); Rubicon GSA II, LLC (1728); Rubicon GSA II Alameda, LLC (3031); Rubicon GSA II Baltimore, LLC (8907); Rubicon GSA II Beacon Station Miami, LLC (4746); Rubicon GSA II Boise BLM, LLC (6547); Rubicon GSA II Boise INS, LLC (3007); Rubicon GSA II Centennial Tacoma, LLC (9395); Rubicon GSA II Fresno, LLC (2062); Rubicon GSA II Kansas City, LLC (9685); Rubicon GSA II New Orleans, LLC (8365); Rubicon GSA II Richmond, LLC (5612); Rubicon GSA II Duncan Plaza Portland, LLC (9256); Rubicon GSA II Santa Clara, LLC (5547).

**General Background**

1. On January 20, 2010 (the "Petition Date"), Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the above-captioned bankruptcy court (the "Court").

2. Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or statutory committee has been appointed in these Cases.

**Jurisdiction and Venue**

4. The Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Rubicon is a Delaware corporation; all other Debtors are Delaware limited liability companies. Accordingly, venue of all of Debtors' chapter 11 cases and proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6. As additional support for this Motion, Debtors refer this Court to the Declaration of Robert Saunders in Support of First Day Motions and Applications filed contemporaneously herewith.

**RELIEF REQUESTED**

7. The Debtors respectfully request authority to file a single, consolidated list of their top thirty (30) unsecured creditors in lieu of filing separate lists of their top twenty (20) creditors. Additionally, Debtors seek a thirty (30) day extension of the time for filing their Schedules and Statements.

2

## BASIS FOR RELIEF REQUESTED

### Authority to File Consolidated List of Top Thirty (30) Creditors

8. Rule 1007(d) requires a debtor to "file with the petition a list containing the name, address and claim of the creditors that hold the twenty (20) largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." Fed. R. Bankr. P. 1007(d). This list is primarily intended to assist the Office of the United States Trustee in identifying possible candidates to serve on an official committee of unsecured creditors. *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986).

9. In this instance, Debtors – through their third party administrator, CB Richard Ellis – maintain a single consolidated database of their vendors and other unsecured creditors, and were substantially current with respect to payment of their ordinary course operating expenses as of the Petition Date. Indeed, Debtors anticipate having a total unsecured creditor body of fewer than 100 creditors. In most of these cases, there would not even be twenty (20) unsecured creditors if separate lists were requested. Given the minimal number of unsecured creditors, the overlap of creditors among each of Debtors, and the fact that Debtors presently maintain their database of vendors and other unsecured creditors on a consolidated basis, Debtors submit that it would be more efficient (not to mention, cost effective for Debtors) to file with each petition a single, consolidated list of Debtors' top thirty (30) unsecured creditors. This would certainly assist the U.S. Trustee in identifying and soliciting possible members for an unsecured creditors committee in these cases.

10. Similarly, Rule 1007(a)(1) requires a debtor to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G. and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). As noted in the commentary to this Rule, the creditor/mailing matrix is needed for the Clerk of the Court to send

3

out a notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code and a notice of the order for relief pursuant to section 342 of the Bankruptcy Code. As noted above, Debtrs records are kept on a consolidated basis, thus it is more efficient and cost effective to file a creditor/mailing matrix for each of fourteen (14) Debtors. Further, a single, consolidated creditor/mailing matrix more than satisfies the due process notice requirements of the Bankruptcy Code, while simplifying the Clerk's task.

11. Requests to file consolidated lists are generally uncontroversial and have been routinely granted by courts in this district. *See, e.g., In re PTC Alliance Corp., et al.*, Case No. 09-13395 (CSS) (October 5, 2009).

12. For the foregoing reasons, Debtors respectfully request authority to file a single, consolidated mailing/creditor matrix and consolidated list of Debtors' top thirty (30) unsecured creditors.

## Extension of Time to File Schedules and Statements

13. Debtors also respectfully request an extension of time to file their Schedules and Statements pursuant to Bankruptcy Rule 1007(c). Specifically, Debtors seek an additional thirty (30) days to file the Schedules and Statements (for a total of forty-four (44) days from the Petition Date), without prejudice to Debtors' right to seek further extensions upon a showing of cause therefore.

14. Pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007(b), and Local Bankruptcy Rule 1007-1(a) and (b), Debtors are required to file, among other things, the Schedules and Statements. Pursuant to Bankruptcy Rule 1007(c), the Schedules and Statements must be filed either with the petitions or within fourteen (14) days of the filing of the petitions. Fed. Bankr. R. P. 1007(c) (as amended). Debtors are permitted under Bankruptcy Rule 1007(c), however, to seek an extension of this time frame on motion for cause shown.

15. Local Bankruptcy Rule 1007-1(b) provides for an automatic thirty (30) day extension of the time to file schedules and statements provided that (1) the petitions are accompanied by an appropriate creditor matrix, and (2) the total creditor body exceeds two hundred (200) entities. Del. Bankr. L.R. 1007-1(b). Further extensions are to be granted for cause upon motion by a debtor. *Id.* As explained above, Debtors anticipate having a total unsecured creditor body of fewer than 100 creditors. As such, Debtors do not qualify for the thirty (30) day automatic extension provided for by Del. Bankr. L.R. 1007-1. Ample cause exists, however, to grant Debtors such an extension.

16. Specifically, Debtors' business records are in the possession of and have historically been maintained in the ordinary course of business by a third party administrator – CBRE Richard Ellis. At present, Debtors have no employees of their own, and only these three (3) officers provided by an affiliate. It will be two (2) of these officers, together with CBRE and the Debtors' financial advisors, Grant Thornton, who will be compiling the information necessary to complete the Schedules and Statements. Given the critical matters that Debtors' limited staff must attend to in transitioning the business operations into chapter 11 and the fact that the necessary records are not held by the Debtors in all instances, Debtors anticipate that they will be unable to prepare their respective Schedules and Statements within fourteen (14) days of the Petition Date. Completing the Schedules and Statements for each Debtor will require the collection, review and assembly of information from books, records, and documents not held by the Debtors relating to their claims, assets, and contracts held at outside sources and at Debtors' thirteen (13) separate physical locations. Given Debtors' limited staff, this information is simply too voluminous and located in too many locations to compile absent the requested extension. Nevertheless, recognizing the importance of assembling this information, Debtors

will endeavor to complete the Schedules and Statements as expeditiously as possible under the circumstances.

17. Accordingly, Debtors respectfully request that the Court extend the time limit for filing their Schedules and Statements by thirty (30) days. The substantial size of these cases and the volume of material from multiple locations that must be compiled and reviewed by Debtors' extremely limited staff to complete the Schedules and Statements for each of Debtors during the hectic early days of these Cases provide ample "cause" justifying the requested extension.

18. Courts in this and other districts have routinely granted substantially similar extensions of time for chapter 11 debtors to file their schedules and statements. *See In re Trident Resources Corp., et al.*, Case No. 09-13150 (MFW) (Bankr. Del. September 10, 2009) (30 day extension); *In re General Growth Properties, Inc., et al.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y.) (30 day extension); *In re Steve & Barry's Manhattan LLC, et al.*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y.) (21 day extension); *In re Motors Liquidation Company, et al. (formerly In re General Motors Corp. et al.)*, Case No. 09-50026 (Bankr. S.D.N.Y.) (45 day extension); *In re Chrysler LLC, et al*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.) (45 day extension); *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.) (45 day extension); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y.) (105 day extension); *In re Delphi Corp.*, Case No. 05-44481 (Bankr. S.D.N.Y.) (100 day extension).

19. For the foregoing reasons, Debtors respectfully request a thirty (30) day extension of the deadline to file their respective Statements and Schedules.

## **NOTICE**

20. Notice of this Application has been served on: (i) the Office of the United States Trustee for the District of Delaware; (ii) Debtors' thirty (30) largest unsecured creditors on a consolidated basis; and (iii) all parties that have requested special notice pursuant to Bankruptcy

Rule 2002. Notice of the Application and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Application and the nature of the relief requested, Debtors respectfully submit that no further notice of this Application is required.

**NO PREVIOUS REQUEST**

21. No previous request for the relief sought herein has been made by Debtors to this or any other court.

[The balance of this page intentionally left blank]

WHEREFORE, Debtors respectfully request entry of an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
January 21, 2010

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ Stephen Spence*

Stephen Spence (Bar No. 2033)
1200 N. Broom St.
Wilmington, DE 19806
Telephone (302) 655-4200
Facsimile (302) 655-4210
Email: sws@pgslaw.com

-and-

SQUIRE SANDERS & DEMPSEY, LLP
Sandra E. Mayerson (pro hac vice requested)
Peter A. Zisser (pro hac vice requested)
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 872-9800
Facsimile: (212) 72-9815
smayerson@ssd.com
pzisser@ssd.com

PROPOSED ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

NEWYORK/123608.3