IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUBICON US REIT, INC. et al.[1], | ) | Case No. 10-10160 (BLS) |
| | ) | Joint Administration Pending |
| Debtors. | ) | Hearing Date: 2/22/2010 @ 9;30 a.m. |
| | ) | Objection Deadline: 2/11/2010 |

**APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS
DELAWARE BANKRUPTCY COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) 329
AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE**

Rubicon US REIT, Inc. ("Rubicon") and its subsidiaries (each a "Debtor" and collectively, the "Debtors")[2], debtors and debtors in possession in the above-captioned cases ("Cases"), hereby submit this Application (the "Application") for entry of an order authorizing the employment and retention of Phillips, Goldman & Spence, P.A. ("PG&S") as Delaware bankruptcy counsel for Debtors pursuant to sections 327(a), 329 and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the *Affidavit of Stephen W. Spence in Support of Application for an Order Authorizing the Employment and Retention of Phillips, Goldman & Spence, P.A. as Delaware Bankruptcy Counsel for Debtors and Debtors-in*

---

[1] The Debtors and the last four digits of the taxpayer numbers are as follows: Rubicon US REIB, Inc. #3829; Rubicon GSA II, LLC #1728; Rubicon GSA II Alameda, LLC #3031; Rubicon GSA II Baltimore, LLC # 8907; Rubicon GSA II Beacon Station Miami, LLC #4746; Rubicon GSA II Boise BLM, LLC #6547; Rubicon GSA II Boise INS, LLC #3007; Rubicon GSA II Centennial Tacoma, LLC #9396; Rubicon GSA II Resno, LLC #2062; Rubicon GSA II Kansas City, LLC #9685; Rubicon GSA II New Orleans #8365; Rubicon GSA II Richmond, LLC #5612; Rubicon GSA II Duncan Plaza Portland, LLC #9256; Rubicon GSA II Santa Clara, LLC #5547.

[2] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, are: Rubicon US REIT, Inc. (3829); Rubicon GSA II, LLC (1728); Rubicon GSA II Alameda, LLC (3031); Rubicon GSA II Baltimore, LLC (8907); Rubicon GSA II Beacon Station Miami, LLC (4746); Rubicon GSA II Boise BLM, LLC (6547); Rubicon GSA II Boise INS, LLC (3007); Rubicon GSA II Centennial Tacoma, LLC (9395); Rubicon GSA II Fresno, LLC (2062); Rubicon GSA II Kansas City, LLC (9685); Rubicon GSA II New Orleans, LLC (8365); Rubicon GSA II Richmond, LLC (5612); Rubicon GSA II Robert Duncan Plaza Member, LLC (9256); Rubicon GSA II Santa Clara, LLC (5547).

*Possession and Disclosure of Compensation Pursuant to 11 U.S.C. § 329* (the "Spence Affidavit'), is annexed hereto as Exhibit "A".

## General Background

1. On January 11, 2010 (the "Petition Date"), Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, in the above-captioned bankruptcy court (the "Court").

2. Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. No trustee or statutory committee has been appointed in these Cases.

## Jurisdiction and Venue

4. The Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Rubicon is a Delaware corporation; all other Debtors are Delaware limited liability companies. Accordingly, venue of all of Debtors' chapter 11 cases and proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested in this Application are Bankruptcy Code §§ 327(a), 329 and Bankruptcy Rule 2014(a).

7. As additional support for this Application, Debtors refer this Court to the Declaration of Robert Saunders in Support of First Day Motions and Applications filed contemporaneously herewith.

## Relief Requested

8. By this Application, Debtors seek to employ and retain PG&S as their Delaware restructuring and bankruptcy counsel, pursuant to section 327(a) of the Bankruptcy Code and *nunc pro tunc* to the Petition Date.

9. The Debtors seek to retain the firm of PG&S as its Delaware bankruptcy counsel because of the firm's extensive experience, expertise and knowledge in the Bankruptcy Court for the District of Delaware. The Debtor selected PG&S as its counsel because the attorneys involved have expertise and experience in most if not all of the legal disciplines that affect the Debtor, its estate and their assets.

## Services to Be Rendered

10. Debtors propose to retain PG&S to render the following services without duplicating the work of other counsel who may have similar responsibilities:

   a. advise Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and property;

   b. attend meetings and negotiate with representatives of creditors and other parties in interest and advising and consulting on the conduct of these Cases, including all of the legal and administrative requirements of operating in Chapter 11;

   c. assist Debtors with the preparation of their Schedules of Assets and Liabilities and Statements of Financial Affairs;

   d. advise Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of asset, stock, purchase,

merger or joint venture agreements, formulate and implement appropriate procedures with respect to the closing of any such transactions, and counseling Debtors in connection with such transactions;

e. advise Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

f. advise Debtors with respect to legal issues arising in or relating to Debtors' ordinary course of business including attendance at senior management meetings, meetings with Debtors' financial and turnaround advisors and meetings of the board of directors;

g. take all necessary action to protect and preserve Debtors' estates, including the prosecution of actions on their behalf, the defense of any actions commenced against them, negotiations concerning all litigation in which Debtors are involved and objecting to claims filed against Debtors' estates;

h. prepare, on Debtors' behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

i. attend meetings with third parties and participate in negotiations with respect to the above matters;

j. appear before this Court, any appellate courts and the United States Trustee and protecting the interests of Debtors' estates before such courts and the United States Trustee;

k. perform all other necessary legal services and providing all other necessary legal advice to Debtors in connection with these Cases;

l. advise Debtors with respect to applicable Delaware law; and

m.  serve as conflicts counsel when Debtors' general counsel cannot act due to conflicts.

**Disinterestedness**

11. The standard for a debtor-in-possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third Circuit. Those sections provide that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Banks. D.N.J. 1988) (for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.'"). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. See 11 U.S.C. § 101(14)(e). In general, however, subject to the requirements of section 327(a) and 1107, a debtor-in-possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

12. To the best of Debtors' knowledge, information and belief, based on and other than as set forth in the Spence Affidavit, PG&S does not hold or represent an interest adverse to Debtors' estates and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) and modified by Bankruptcy Code § 1107(b), with respect to the matters for which it is to be retained. To the best of Debtors' knowledge, information, and belief, based on and other than as stated in the Spence Affidavit, the stockholders and associates of PG&S do not have any

5

connection with Debtors or their affiliates, their creditors, their estates, any United States Bankruptcy Judge for the District of Delaware, the United States Trustee or any person employed in the office of the United States Trustee for Region 3, or any other party in interest, or their respective attorneys and accountants. The requirements of Bankruptcy Rule 2014 are met.

### Compensation

13. Debtors seek to retain and employ PG&S on an hourly basis at rates consistent with those PG&S routinely charges in comparable matters.

14. PG&S has stated its willingness to serve in this case and render the necessary professional services as Delaware bankruptcy counsel for the Debtors, beginning with the commencement of its services on November 2, 2009. PG&S received a retainer of $50,000 on November 5, 2009. A portion of the retainer ($14,898.44) has been applied for services rendered through November 30, 2009. On January 13, 2010, the Debtors provided an additional $31,522.44 to PG&S bringing the retainer on hand to $66,6254.30. A portion of the retainer will be applied to pay for services rendered from December 1, 2009 up to the filing of the petition, including the filing fees for each petition. The balance will be held and applied to future services, pursuant to further order of this Court.

15. PG&S will provide Debtors with periodic (no less than monthly) invoices for services rendered and disbursements incurred. During the course of these Cases, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of these Cases. Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.

16.     For professional services, PG&S' fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with PG&S' policy. Based on the engagement agreement, PG&S and Debtors have agreed that PG&S will be paid at the following rates: senior director time at the rate of $425 per hour, junior director time at the rate of $360 per hour, associates at $300 per hour and senior paralegals and paralegals at the rates of $150 and $140 per hour, respectively. The hourly rates set forth above are subject to periodic increases in the normal course of PG&S' business, often due to the increased experience of a particular professional and changes in the prevailing legal market.

17.     Consistent with PG&S' policy with respect to their other clients, PG&S will continue to charge Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, filing fees, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

18.     PG&S intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders of this Court. PG&S will seek compensation for the services of each attorney and paraprofessional acting on behalf of Debtors in these Cases at the then-current rate charged for such services on a non-bankruptcy matter.

19.     PG&S has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estates; (iv) the reasonableness of the

time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in these Cases.

20.     Other than as set forth above, no arrangement is proposed between Debtors and PG&S for compensation to be paid in these Cases.

21.     Debtors respectfully submits that their fee arrangement with PG&S, as set forth above, is similar to fee arrangements that have been authorized in other Chapter 11 cases in which PG&S has rendered services, is reasonable in light of industry practice, is similar to market rates both in and out of Chapter 11 proceedings, is reasonable in light of PG&S' experience in reorganizations, and is reasonable in light of the scope of the work to be performed pursuant to its retention. Debtors believe that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

22.     Debtors believe that PG&S is both well qualified represent them as Delaware bankruptcy counsel, effectively and efficiently in these Cases. As such, Debtors believe that the retention of PG&S is in the best interest of Debtors, their estates, creditors and other parties-in-interest. Accordingly, Debtors request that PG&S's retention as counsel be approved and made effective as of the Petition Date.

WHEREFORE, Debtors request (a) entry of an order authorizing Debtors' retention and employment of PG&S on the terms outlined in this Application and (b) such other relief as is just and proper.

RUBICON US REIT, INC. *ET AL.*
Debtors and Debtors-In-Possession

By: _____
ROBERT SAUNDERS,
President

Date: January 21, 2010