UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 10-10160 |
| ) | Jointly Administered |
| RUBICON US REIT INC. et al., ) | |
| ) | Chapter 11 |
| ) | |
| Debtors. ) | Hearing Date: 2/22/2010 @ 9:30 a.m. |
| ) | Objection Deadline: 2/11/2010 |

## DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP AS FINANCIAL AND RESTRUCTURING ADVISORS TO THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE

Rubicon US REIT, Inc. debtor and debtor-in-possession herein, and its subsidiaries and affiliates (the "**Affiliate Debtors**"), debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**"), submit this application (the "**Application**") for entry of an order, pursuant to §§ 327(a), 328 and 1107(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the employment and retention of Grant Thornton LLP ("**Grant Thornton**", "**we**" or "**us**"), the U.S. member firm of Grant Thornton International ("**GTI**"), a global organization of member firms, as financial and restructuring advisors to the Debtors nunc pro tunc to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the affidavit of Paul I. Melville (the "**Melville Affidavit**"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are §§ 327(a), 328 and 1107(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On January 20, 2010 (the "**Petition Date**"), the Debtors filed with this Court their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

4. By this Application, the Debtors request authorization to employ and retain Grant Thornton LLP as its financial and restructuring advisors in these Chapter 11 cases effective as of the Petition Date. Specifically, the Debtors respectfully request entry of an order pursuant to § 327(a) of the Bankruptcy Code, authorizing Grant Thornton LLP to perform those financial and restructuring advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

5. The Debtors anticipate that Grant Thornton LLP may render the following services in these cases:

   a. Assist the Company with financial and treasury functions;

b. Assist with the preparation of the statements of financial affairs, schedules of assets and liabilities, and other regular reports required by the Bankruptcy Court or which are customarily issued by the Company's Chief Financial Officer;

c. Assist with financing issues in conjunction with the bankruptcy filing or other financing situations which may arise in connection with the Company's financing sources outside of the United States;

d. Assist in negotiations with stakeholders and their representatives;

e. Coordinate and provide administrative support for the bankruptcy proceedings and assist with the development of the Company's plan of reorganization or other appropriate case resolution, as necessary;

f. Assist in communication and negotiation with potential acquirers of the Company assets;

g. Assist in managing the "working group" professionals who are assisting the Company in the liquidation process or who are working for the Company's various stakeholders, to improve coordination of their efforts, minimize duplication of efforts and ensure individual work products are consistent with the Company's overall restructuring goals;

h. Work with the Company and its employees to further identify and implement liquidity generating initiatives;

i. Assist with the development of the Company's revised business or liquidation plans, and such other related forecasts as may be required in connection with negotiations or by the Company for other corporate purposes;

j. Manage the claims and claims reconciliation processes;

k. Provide assistance in such areas as testimony before the Bankruptcy Court on matters that are within Grant Thornton's areas of expertise;

l. Assist the Company with electronic data collection; and

m. Assist with such other matters as may be requested by the Board of Directors and that fall within Grant Thornton's expertise and are mutually agreed upon.

6. The services to be provided by Grant Thornton LLP will not be duplicative of those provided by any other advisors to the Debtors, and Grant Thornton LLP will coordinate

any services performed at the Debtors' request with the services of any other professionals and counsel, as appropriate, to avoid duplication of effort.

7. Subject to this Court's approval of the Application, Grant Thornton LLP is willing to serve as the Debtors' financial and restructuring advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

8. The Debtors have selected Grant Thornton LLP as their financial and restructuring advisors because of the firm's diverse experience and extensive knowledge in the fields of finance, accounting, corporate restructuring, and bankruptcy.

9. Partners of Grant Thornton Australia have been appointed as Joint and Several Voluntary Administrators ("Administrators") of Rubicon Asset Management Limited ("RAML"), an Australian entity that is the responsible entity for Rubicon America Trust (an Australian Listed Property Trust) which holds a 99.45% interest in the Company. Grant Thornton International is one of the world's leading organizations of independently owned and managed accounting and consulting firms. Grant Thornton and Grant Thornton Australia are the United States and Australian member firms of Grant Thornton International, respectively. Each member firm is independent. Each is a separate legal, financial and administrative entity, practicing under the laws of the country where it is based. Each is locally owned, operated and managed, and responsible for its own liabilities. Member firms are not members of one international or legal partnership. No single firm is responsible for the services or activities of any other.

10. Prior to entering into this Agreement, Grant Thornton provided services to Grant Thornton Australia in connection with its review of the international operations, assets and

liabilities of the Rubicon Group. Those services have been completed and paid for. Grant Thornton has no ongoing duties or responsibilities to Grant Thornton Australia or the Administrators appointed for the Company's parent and affiliates.

11. By virtue of its prior engagement, Grant Thornton LLP is familiar with the books, records, financial information and other data maintained by the Debtors and is qualified to continue to provide financial and restructuring advisory services to the Debtors. As such, retaining Grant Thornton LLP is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

12. The Debtors need assistance in collecting and analyzing and presenting accounting, financial and other information in relation to these Chapter 11 cases. Grant Thornton LLP has considerable experience with rendering such services to debtors and other parties in numerous Chapter 11 cases. As such, Grant Thornton LLP is well qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

13. To the best of the Debtors' knowledge and based upon the Melville Affidavit, Grant Thornton LLP is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

14. To the best of the Debtors' knowledge and based upon the Melville Affidavit, Grant Thornton LLP does not hold or represent an interest adverse to the estates that would impair Grant Thornton LLP's ability to objectively perform professional services for the Debtors, in accordance with § 327 of the Bankruptcy Code.

15. To the best of the Debtors' knowledge and based upon the Melville Affidavit, (1) Grant Thornton LLP's connections with the creditors, any other party in interest, or their

respective attorneys are disclosed in Exhibit B to the Melville Affidavit or otherwise described therein; and (2) the Grant Thornton LLP partners and professionals who will work on this matter are not relatives of the United States Trustee of the District of Delaware, or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

16. To the best of the Debtors' knowledge and based on the Melville Affidavit, Grant Thornton LLP has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and advisors, with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

17. Grant Thornton LLP's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned professional extended by that professional's hourly billing rate. The Debtors have agreed to compensate Grant Thornton LLP for professional services rendered at its normal and customary hourly rates.

18. In the normal course of business, Grant Thornton LLP revises its hourly rates on August 1 of each year, and Grant Thornton LLP requests that the rates listed below be revised from time to time to the hourly rates that will be in effect at the time the relevant services are rendered. The normal and customary hourly rates for the financial and restructuring advisory services to be rendered by Grant Thornton LLP and applicable herein are as follows:

| | |
|---|---|
| Partners/Principals/Directors | $560 to $695 |
| Senior Managers | $525 to $550 |
| Managers | $410 to $460 |
| Senior Associates | $290 to $360 |
| Associates | $175 to $250 |
| Administrative | $85 |

19. Grant Thornton LLP will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

20. Grant Thornton LLP intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. Grant Thornton LLP has agreed to accept as compensation such sums as may be allowed by the Court. Grant Thornton LLP understands that interim and final fee awards are subject to approval by this Court.

21. The Board has authorized a post-petition retainer (the "Post-Petition Retainer") for Grant Thornton LLP of $300,000. On November 6, 2009, in accordance with Grant Thornton LLP's engagement by Debtors, Grant Thornton LLP received a retainer (the "First Retainer") in the amount of $400,000, of which $100,000 was a Pre-Petition retainer intended to compensate Grant Thornton LLP for financial and restructuring services rendered on behalf of Debtor through the date of the Chapter 11 filings and to cover any filing fees and expenses, and $300,000 was intended as a Post-Petition retainer.

22. Due to unexpected litigation-related expenses and delay engendered by the litigation, the holders of a majority of Debtor's Global Senior Notes entered into an agreement with Rubicon pursuant to which Rubicon was permitted to pay Grant Thornton LLP and Rubicon's legal counsel, Squire Sanders & Dempsey ("SSD"), an aggregate of $250,000 each month for professional fees. As a result, on or about December 28, 2009, Grant Thornton LLP was paid $166,667, with the balance of the $250,000 ($83,333) going to SSD. Grant Thornton

LLP applied the $166,667 to fees and expenses incurred on behalf of the Debtors during the month of November, 2009.

23. On or about January 13, 2010, Grant Thornton LLP and SSD were paid a total of $250,000 for December, with each receiving $125,000. Grant Thornton LLP applied the $125,000 to fees and expenses incurred on behalf of the Debtors during the month of December, 2009.

24. On or about January 14, 2010, the Board passed a resolution authorizing the payment to Grant Thornton LLP of all prepetition fees and expenses from Retainers on hand, and authorizing Grant Thornton LLP to receive a Post-Petition Retainer of $300,000. As Grant Thornton LLP had unapplied funds on hand at the time of the resolution, on or about January 14, 2010, Grant Thornton LLP was paid an additional $195,000 to create a Post-Petition Retainer of $300,000.

25. In total, Grant Thornton LLP has, with the approval of the Board, applied approximately $301,970 from the above Retainers to payment of fees and expenses. Within thirty (30) days of the Petition Date, Grant Thornton LLP will provide an accounting of how the Prepetition Retainer was applied.

26. To the extent the Prepetition Retainer was not applied to fees and expenses in their entirety pre-petition, the remaining balance will be added to the Post-Petition Retainer. Grant Thornton will hold the Retainer for application in accordance with the Engagement Letter; any unearned portion of the Retainer will be returned to the Debtors upon the termination of the engagement.

27. Grant Thornton LLP reserves the right to apply certain amounts of the Pre-Petition Retainer to fees and expenses accrued before the Petition Date but not discovered or

otherwise accounted for until after the Petition Date. Any remaining Pre-Petition Retainer will be added to the Post-Petition Retainers.

## NUNC PRO TUNC RELIEF REQUESTED

28. Pursuant to the Debtors' request and due to exigent circumstances, Grant Thornton LLP commenced this engagement immediately and with assurances that the Debtors would seek approval of its employment nunc pro tunc to the Petition Date.

29. Based upon the foregoing circumstances, the Debtors submit that cause exists to authorize the retention of Grant Thornton LLP nunc pro tunc to the Petition Date.

## NOTICE

30. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of Delaware, (ii) any other parties requesting notice in these cases. The Debtors submit that, given the nature of the relief requested, no other or further notice of the relief requested is necessary.

31. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Debtors to employ and retain Grant Thornton LLP as its financial and restructuring advisors effective as of the Petition Date to perform the services set forth herein, and (iii) granting such other and further relief as is just and proper.

Dated: 1-21-2010

RUBICON US REIT, INC. et al.
**Debtors and Debtors-in-Possession**

By: /s/ Robert Saunders
Robert Saunders, President